**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:**<br><br>**JENNIFER R. BRYANT** | **CHAPTER 13**<br><br>**CASE NO.  18-40154-JMM** |

### TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor's plan, petition, and any amendments and does not believe that the AMENDED PLAN FILED 10/26/18 complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Debtors amended plan has not been served upon any creditors and significantly reduced the amount general unsecured creditors would receive.
2. Debtor earned a minimum of $12,147.90 preparing tax returns after the date of filing on March 1, 2018.  None of this income was disclosed on schedule I or at the 341 meeting of creditors.  Debtors is not proposing to pay any of those funds into the plan while unsecured creditors are sharing only $2783.  Debtor used these funds for entertainment and trips and not for reasonable and necessary expenses.  Debtor proposes to turnover 50% of the net income from preparing tax returns starting in 2019 but is not proposing to pay into the plan any of the funds she earned post-petition that she did not disclose.  Debtor is not using her disposable income to fund this plan. Trustee is not recommending confirmation of this plan.
3. Debtor could agree to extend her plan 12 additional months to 52 months to pay unsecured creditors what they should have received if she had disclosed her income.
4. Despite Debtor's contention that she is disabled and that her entire personal injury claim is exempt, Debtor earned $27,713 from January 1, 2018 through May 31, 2018 preparing tax returns or an average of $5542 per month in addition to her social security and child

    support. Trustee will pursue her objection to Debtor's claim of exemption based on the fact that Debtor does not need the funds for the support of Debtor and her dependents.

5. Although Debtor is earning significant income from her tax return business, Trustee does not believe that Debtor intends to claim this income on her future tax returns thus debtors plan does not comply with 11 USC Section 1325(a)(3).
6. Debtor indicates she is not receiving child support for her daughter, CR. Debtor will need to amend schedule I if she begins receiving support and document that she is not receiving the support on a yearly basis..

DATED: November 12, 2018

                                                               **/s/  Kathleen McCallister__**
                                                               **Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on November 12, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

ALEXANDRA O CAVAL
Attorney at Law
alex@cavallawoffice.com

    **AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

    Via first class mail, postage prepaid addressed as follows:

JENNIFER R. BRYANT
776 MEADOWS DRIVE
TWIN FALLS, ID 83301

                                                               **/s/  Kathleen McCallister__**
                                                               **Kathleen McCallister, Trustee**

Case 18-40154-JMM    Doc 50    Filed 11/12/18    Entered 11/12/18 09:49:06    Desc
Page 3 of 3