**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
holly@kam13trustee.com

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **Jennifer R. Bryant** | **CASE NO. 18-40154-JMM** |

### TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

NOW COMES, Kathleen A. McCallister, the standing Chapter 13 Trustee for United States Bankruptcy Court for the District of Idaho, and as for her Motion to Convert case to a chapter 7 states as follows:

1. The Debtor filed for Chapter 13 relief on March 1, 2018.

2. Section 1307(c) of the bankruptcy code allows the Court to convert a case for cause if it is in the best interest of the creditors.

3. At the time of filing this case Debtor was in possession of a personal injury claim as a result of an auto accident which occurred in December 2016. Said claim is property of the estate.

4. Debtor failed to disclose in her schedules, her 22c or at the 341 meeting of creditors that she was earning income from filing tax returns for individuals. Debtor earned $27,713 from January 1, 2018 through May 31, 2018 preparing tax returns or an average of $5542 per month in addition to her social security and child support. She earned at least $12,147.90 after filing this case. Trustee alleges that Debtor was not proceeding in good faith.

5. Debtor did not pay into the plan any of the additional income she earned from her undisclosed business.

6. The parties attempted to resolve the matter and make the creditors whole from Debtor's failure to pay into the plan any of the additional income Debtor received and was to

receive. The order of confirmation, agreed to by the debtor (docket no. 61) contained the following provisions:

"Mrs. Bryant initially failed to disclose that she is self-employed preparing tax returns from which she earned approximately $27,713 in 2018. Per the amended plan she will provide Trustee's office copies of her bank statements accounts and PayPal accounts from January – May of each calendar year no later than June 15th commencing in June 15, 2019 and shall turnover fifty percent of her net revenue each year. Net revenue is the amount she earns from her tax preparation work less her filing fees to file the returns electronically. Debtor agrees that all income from her tax preparation work performed during the term of the plan shall be deposited into her own bank accounts and not those of her children, relatives, or any other person or business. In order to compensate creditors for her failure to disclose this income source during the beginning of this case and failure to turnover any her self-employment income, Debtor agrees that her plan will be extended from 42 months to 50 months."

7. Although the Debtor was to provide said documentation by June 15, 2019 no documentation was ever provided. Instead Debtor filed a voluntary motion to dismiss on June 20, 2019. This was after tax return season and again unsecured creditors did not benefit from any of her additional income received in 2019.

8. Debtor has failed and refused to turnover her 2018 state and federal tax returns. Trustee suspects Debtor may not have even filed tax returns despite having earned at least $27,000 from self-employment and having a filing requirement.

9. Although Debtor contends that her personal injury claim is 100% exempt as the funds are needed for her support and the support of her children, trustee does not believe she can prove this due to the fact that she has been able to earn significant funds despite her contention that she is not able to work as a result of her injuries. Trustee timely filed an objection to the claim of exemption. The parties resolved this matter with an agreement that this claim shall remain property of the bankruptcy estate and not revest in the debtor.

10. For the foregoing reasons it is in the best interest of the creditors that Debtor's case be converted to a chapter 7 proceeding so that the personal injury claim can be liquidated and unsecured creditors can be paid what is owed to them.

WHEREFORE, trustee respectfully requests that this case be converted to a chapter 7 proceeding.

DATED: July 2, 2019

    /s/ Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 2, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

ALEXANDRA O CAVAL
Attorney at Law
alex@cavallawoffice.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

JENNIFER R. BRYANT
776 MEADOWS DRIVE
TWIN FALLS, ID 83301

/s/  Kathleen McCallister
**Kathleen McCallister, Trustee**